UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH MCADAMS,**<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 23–cv–04081–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Joseph McAdams's motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 (2255 Motion). (ECF No. 1.) He has also filed a motion to expand the record (Discovery Motion). (ECF No. 16.) Respondent United States opposes the 2255 Motion. (ECF No. 14.) It did not file opposition to the Discovery Motion. For the following reasons, I will dismiss the 2255 Motion and the Discovery Motion for lack of subject matter jurisdiction. I decline to issue a certificate of appealability.

    **I.    FACTS AND PROCEDURAL HISTORY**

    On September 25, 2009, petitioner pleaded guilty to a ten-count information charging him with bank robbery, 18 U.S.C. §§ 2113(a), 2113(d) & 2, (Counts One through Ten), and brandishing a loaded firearm in one of the bank robberies, 18 U.S.C. § 924(c)(1)(A)(ii) & 2 (Count Eleven). *United States v. McAdams*, No. 09–cr–00737 (D.N.J. Sept. 25, 2009) (Criminal Case) (ECF No. 12.)

    The Presentence Investigation Report (Report) concluded that petitioner qualified as a career offender based on three predicate offenses: an April 9, 1984 conviction for bank robbery; a December 13, 1985 conviction for armed robbery

and unlawful possession of firearms; and an April 29, 1985 conviction for bank robbery. *McAdams v. United States*, No. 13–cv–01612, 2015 WL 1914631, at *1 (D.N.J. Apr. 27, 2015) (*McAdams I*) (citing U.S.S.G. § 4B1.1). The Report also listed other prior convictions that were not marked as predicate offenses: a March 1977 conviction for breaking and entering; a August 1978 conviction for simple assault; a January 1979 conviction for robbery while armed and unlawful use of a dangerous weapon; and a February 2, 1979 conviction for armed robbery and committing a crime while armed (February 1979 conviction). *Id.* On April 15, 2010, Chief District Judge Jerome B. Simandle sentenced petitioner as a career offender to a term of imprisonment of 235 months on each of Counts One through Ten to be served concurrently with each other, followed by a mandatory consecutive term of 84 months on Count Eleven, for a total term of 319 months. *Id.*; (Criminal Case ECF No. 19.) Petitioner did not file a direct appeal.

Petitioner filed his first § 2255 motion on March 19, 2013, and an amended motion on July 19, 2013. *McAdams v. United States*, No. 13–cv–01612 (D.N.J.) (First 2255 Proceedings) (ECF No. 5.) As is relevant here, petitioner asserted that his trial "counsel was ineffective for failing to object to his erroneous classification as a career offender." *McAdams I*, 2015 WL 1914631, at *2. Specifically, petitioner asserted that his April 9, 1984 and April 29, 1985 federal convictions were incorrectly recorded in the Report and could not be counted towards his career offender status. *Id.* at *4. The United States conceded that further inquiry was necessary. (First 2255 Proceedings ECF No. 13.) Chief Judge Simandle appointed counsel for Petitioner and conducted an evidentiary hearing on September 25, 2014. (First 2255 Proceedings ECF No. 31.)

At the hearing, the United States agreed that petitioner's April 9, 1984, and April 29, 1985 convictions could not be counted as eligible convictions for

2

career offender status. *McAdams I*, 2015 WL 1914631, at *5. However, it argued that petitioner was correctly classified as a career offender due to the February 1979 conviction. *Id.* Petitioner disputed that the February 1979 conviction could count as a predicate offense for career offender purposes because he "did not serve any part of that sentence within the 15-year time period for counting a prior offense."[1] *Id.* Chief Judge Simandle ultimately concluded that the February 1979 conviction counted towards petitioner's career offender status and denied the first § 2255 motion on April 27, 2015. *Id.* at *9.

Petitioner did not seek a certificate of appealability from the Third Circuit; instead, he filed a motion for relief from judgment under Federal Rule of Civil Procedure 59(e) "claiming that 'new' evidence, namely, a printout of his parole records, undisputably shows that he had completed his sentence on the [February 1979 conviction] by August 1989 at the latest." *McAdams v. United States*, No. 13–cv–01612, 2016 WL 240877, at *2 (D.N.J. Jan. 20, 2016) (*McAdams II*); (First 2255 Proceedings ECF No. 35.) Chief Judge Simandle denied the motion on January 20, 2016. *McAdams II*, 2016 WL 240877, at *7.

On July 23, 2018, petitioner filed a motion to appoint *pro bono* counsel and reopen the First 2255 Proceedings under Federal Rule of Civil Procedure 60. (First 2255 Proceedings ECF No. 39.) Petitioner had obtained an amended judgment of conviction for the February 1979 conviction from the state court stating: "Defendant is sentenced to an indeterminate term at Yardville with a maximum of 5 years." (First 2255 Proceedings ECF No. 39 p. 24.) District Judge Noel L. Hillman dismissed the motion for lack of jurisdiction because

---

[1] "[A] prior sentence is counted for computing criminal history when it is a sentence of imprisonment 'exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [a] fifteen-year period' within the defendant's commencement of the instant offense." *McAdams I*, 2015 WL 1914631 at *6 (quoting U.S.S.G. § 4A1.2(e)(1)) (second alteration in original).

"[m]otions presenting new evidence in support of an already-litigated claim are considered second or successive § 2255 motions and are not properly brought under Rule 60(b)." *McAdams v. United States*, No. 13–cv–01612, 2022 WL 3754805, at *6 (D.N.J. Aug. 29, 2022) (*McAdams III*). The Third Circuit denied a certificate of appealability. *McAdams v. United States*, No. 22–cv–02988, 2023 WL 3116440, at *1 (3d Cir. Apr. 19, 2023) (*McAdams IV*).

On July 31, 2023, petitioner filed the current 2255 Motion. (ECF No. 1.) The United States submitted its opposition on April 19, 2024. (ECF No. 14.) Petitioner subsequently filed the Discovery Motion to include the state court record. (ECF No. 16.)

## II. LEGAL STANDARD

"A defendant in federal custody may file a motion collaterally attacking his sentence based on certain specifically listed grounds, namely that the sentence was imposed in violation of the Constitution or federal law, that the court was without jurisdiction to impose the sentence, that the sentence exceeded the maximum authorized by law, or that the sentence 'is otherwise subject to collateral attack[.]'" *United States v. Peppers*, 899 F.3d 211, 220 (3d Cir. 2018) (quoting 28 U.S.C. § 2255(a) (alteration in original)). A *pro se* motion and any supporting submissions must be construed liberally and with a measure of tolerance. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss the motion if it appears from the face of the motion that the petitioner is not entitled to relief. 28 U.S.C. § 2255 Rule 4(b).

## III. DISCUSSION

The United States argues the 2255 Motion must be dismissed because it is an unauthorized second or successive motion. (ECF No. 14 p. 4.) I agree and will dismiss the 2255 Motion for lack of jurisdiction.

4

"[A] defendant is allowed only one [§ 2255 motion] as of right." *Peppers*, 899 F.3d at 220 (citing 28 U.S.C. § 2255(b), (h)).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (Act), "[a] second or successive motion must be certified by a court of appeals to rely upon either 'newly discovered evidence' showing innocence or 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (quoting 28 U.S.C. § 2255(h)).  The second-or-successive bar is jurisdictional.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Petitioner asserts the 2255 Motion should not be considered a second or successive motion because the amended judgment for his February 1979 conviction is a "new fact" establishing a new statute of limitations pursuant to § 2255(f)(4).  (ECF No. 1 p. 11.)  However, whether a motion is second or successive under the Act is a separate question from whether it was timely filed. *See Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("[The Act] places the defense of successiveness on a different level than other affirmative defenses, such as the statute of limitations.  Practically speaking, it is unique.")  An "applicant must secure approval from the court of appeals to file a successive [§ 2255] petition.  Unless the court of appeals grants such permission, the district court may not consider the second or successive petition."  *Id.* (internal citations omitted).

"[A] habeas petition is second or successive if it is filed after the petitioner has expended the one full opportunity to seek collateral review that [the Act] ensures."  *United States v. Santarelli*, 929 F.3d 95, 104 (3d Cir. 2019) (internal quotation marks omitted).  Here, petitioner challenges the same federal conviction that he challenged in the First 2255 Proceedings.  He was therefore required to obtain permission from the Third Circuit before filing this § 2255 Motion.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *see also Blackmon v. United*

*States*, No. 18–cv–16275, 2019 WL 1579505, at *3 (D.N.J. Apr. 11, 2019) ("Congress intended for federal prisoners who sought to challenge their federal sentences a second time on the basis any newly discovered evidence, which by definition was not available to them when their first § 2255 petition was adjudicated, to follow the procedures set forth in § 2255(h)(1)."). I find that this Court lacks jurisdiction to consider the 2255 Motion and the accompanying Discovery Motion because there is no indication that petitioner received the Third Circuit's permission as required by § 2255(h).

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). I find that it is not in the interests of justice to transfer the 2255 Motion to the Third Circuit because the Third Circuit recently held that "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." *United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020). "*Folk* is binding on this Court, and it squarely resolves the issue here. Therefore, it does not appear that [p]etitioner can satisfy the requirements for bringing a second or successive petition under § 2255(h)." *McAdams III*, 2022 WL 3754805, at *7.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To the extent a certificate of appealability is required, I decline to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I decline to issue a certificate of appealability because jurists of reason would agree that the Court lacks jurisdiction over the unauthorized second or successive § 2255 motion. 28 U.S.C. § 2253(c)(2).

## V. CONCLUSION

For the reasons stated above, the Court will dismiss the 2255 Motion and Discovery Motion for lack of jurisdiction. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

      */s/ Edward S. Kiel*
      **EDWARD S. KIEL**
      **UNITED STATES DISTRICT JUDGE**

Dated: June 20, 2024