UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH MCADAMS,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | Case No. 23–cv–04081–ESK<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Joseph McAdams's motion for relief filed pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e) Motion). (ECF No. 19.) Petitioner seeks relief from the Court's order that dismissed his motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255 for lack of jurisdiction. (ECF No. 18.) Respondent United States did not file any opposition to the Rule 59(e) Motion. For the following reasons, I will deny the Rule 59(e) Motion. I decline to issue a certificate of appealability.

    **I.    FACTS AND PROCEDURAL HISTORY**

    On September 25, 2009, petitioner pleaded guilty to a ten-count information charging him with bank robbery, 18 U.S.C. §§ 2113(a), 2113(d) & 2, (Counts One through Ten), and brandishing a loaded firearm in one of the bank robberies, 18 U.S.C. § 924(c)(1)(A)(ii) & 2 (Count Eleven). *United States v. McAdams*, No. 09–cr–00737 (D.N.J. Sept. 25, 2009) (Criminal Case) (ECF No. 12.)

    The Presentence Investigation Report (Report) concluded that petitioner qualified as a career offender based on three predicate offenses: an April 9, 1984 conviction for bank robbery; a December 13, 1985 conviction for armed robbery

and unlawful possession of firearms; and an April 29, 1985 conviction for bank robbery. *McAdams v. United States*, No. 13–cv–01612, 2015 WL 1914631, at *1 (D.N.J. Apr. 27, 2015) (*McAdams I*) (citing U.S.S.G. § 4B1.1). The Report also listed other prior convictions that were not marked as predicate offenses: a March 1977 conviction for breaking and entering; an August 1978 conviction for simple assault; a January 1979 conviction for robbery while armed and unlawful use of a dangerous weapon; and a February 2, 1979 conviction for armed robbery and committing a crime while armed (February 1979 conviction). *Id.* On April 15, 2010, Chief District Judge Jerome B. Simandle sentenced petitioner as a career offender to a term of imprisonment of 235 months on each of Counts One through Ten to be served concurrently with each other, followed by a mandatory consecutive term of 84 months on Count Eleven, for a total term of 319 months. *Id.*; (Criminal Case ECF No. 19.) Petitioner did not file a direct appeal.

Petitioner filed his first § 2255 motion (First Motion) on March 19, 2013, and an amended motion on July 19, 2013. *McAdams v. United States*, No. 13–cv–01612 (D.N.J.) (First 2255 Proceedings) (ECF No. 5.) As is relevant here, petitioner asserted that his trial "counsel was ineffective for failing to object to his erroneous classification as a career offender." *McAdams I*, 2015 WL 1914631, at *2. Specifically, petitioner asserted that his April 9, 1984 and April 29, 1985 federal convictions were incorrectly recorded in the Report and could not be counted towards his career offender status. *Id.* at *4. The United States conceded that further inquiry was necessary. (First 2255 Proceedings ECF No. 13.) Chief Judge Simandle appointed counsel for Petitioner and conducted an evidentiary hearing on September 25, 2014. (First 2255 Proceedings ECF No. 31.)

At the hearing, the United States agreed that petitioner's April 9, 1984, and April 29, 1985 convictions could not be counted as eligible convictions for

career offender status. *McAdams I*, 2015 WL 1914631, at *5. However, it argued that petitioner was correctly classified as a career offender due to the February 1979 conviction. *Id.* Petitioner disputed that the February 1979 conviction could count as a predicate offense for career offender purposes because he "did not serve any part of that sentence within the 15-year time period for counting a prior offense."[1] *Id.* Chief Judge Simandle ultimately concluded that the February 1979 conviction counted towards petitioner's career offender status and denied the First Motion on April 27, 2015. *Id.* at *9.

Petitioner did not seek a certificate of appealability from the Third Circuit; instead, he filed a motion for relief under Rule 59(e) "claiming that 'new' evidence, namely, a printout of his parole records, undisputably shows that he had completed his sentence on the [February 1979 conviction] by August 1989 at the latest." *McAdams v. United States*, No. 13–cv–01612, 2016 WL 240877, at *2 (D.N.J. Jan. 20, 2016) (*McAdams II*); (First 2255 Proceedings ECF No. 35.) Chief Judge Simandle denied the motion on January 20, 2016. *McAdams II*, 2016 WL 240877, at *7.

On July 23, 2018, petitioner filed a motion to appoint *pro bono* counsel and reopen the First 2255 Proceedings under Federal Rule of Civil Procedure 60. (First 2255 Proceedings ECF No. 39.) Petitioner had obtained an amended judgment of conviction for the February 1979 conviction from the state court stating: "Defendant is sentenced to an indeterminate term at Yardville with a maximum of 5 years." (First 2255 Proceedings ECF No. 39 p. 24.) District Judge Noel L. Hillman dismissed the motion for lack of jurisdiction because

---

[1] "[A] prior sentence is counted for computing criminal history when it is a sentence of imprisonment 'exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [a] fifteen-year period' within the defendant's commencement of the instant offense." *McAdams I*, 2015 WL 1914631 at *6 (quoting U.S.S.G. § 4A1.2(e)(1)) (second alteration in original).

"[m]otions presenting new evidence in support of an already-litigated claim are considered second or successive § 2255 motions and are not properly brought under Rule 60(b)." *McAdams v. United States*, No. 13–cv–01612, 2022 WL 3754805, at *6 (D.N.J. Aug. 29, 2022) (*McAdams III*).   The Third Circuit denied a certificate of appealability.   *McAdams v. United States*, No. 22–cv–02988, 2023 WL 3116440, at *1 (3d Cir. Apr. 19, 2023) (*McAdams IV*).

Petitioner filed his second § 2255 motion on July 31, 2023 (Second Motion). (ECF No. 1.)  The Second Motion relied on "newly discovered evidence," specifically the amended judgment for his February 1979 conviction.   (*Id.* p. 4.) On June 20, 2024, I concluded the Second Motion was barred by the restrictions on second or successive § 2255 motions in the Antiterrorism and Effective Death Penalty Act of 1996 (Act).   (ECF No. 18; *see also* 28 U.S.C. § 2255(h).)   I therefore dismissed the Second Motion for lack of jurisdiction.   (ECF No. 18.)[2] On July 19, 2024, petitioner filed this Rule 59(e) Motion.   (ECF No. 19.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."   *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"   *Exxon Shipping Co. v. Baker*, 554 U.S. 471,

---

[2] This order also dismissed petitioner's motion for discovery for lack of jurisdiction.   (ECF No. 18.)

485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127, 128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *Ruscavage v. Zuratt*, 831 F. Supp. 417, 418 (E.D. Pa. 1993). In order for reconsideration to be warranted, the party seeking reconsideration must specifically rely upon one of the qualifying bases and not merely a recapitulation of prior cases and arguments, nor an expression of disagreement with the Court's earlier decision. *See Arista Records, Inc. v. Flea World*, 356 F. Supp. 2d 411, 416 (D.N.J. 2005).

### III.  DISCUSSION

Petitioner invokes all three grounds of Rule 59 in asking the Court to reconsider its determination that it lacked jurisdiction over the Second Motion. (ECF No. 19.) He asserts that Chief Judge Simandle made several errors during the First 2255 Proceedings that must be corrected to avoid a manifest injustice, (*id.* pp. 5, 6, 7); that this Court erred in rejecting the new evidence presented in the Second Motion, (*id.* pp. 8, 9); and that the recent Supreme Court decision *Erlinger v. United States*, 144 S. Ct. 1840 (2024) requires a jury determination of whether he was a career offender, (*id.* pp. 9, 10.)[3] I find that none of petitioner's arguments meet the Rule 59(e) standard.

---

[3] Although not included in his legal argument section, petitioner also disagrees with the Court's decisions to give the United States additional time to file an answer and dismissing on jurisdiction grounds after Judge Hillman ordered the United States to answer. (ECF No. 19 pp. 3, 4.) Petitioner's disagreement with how the Court managed its docket does not justify Rule 59(e) relief. "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Judge Hillman's request for an answer from the United States does not constitute a ruling on the merits of the Second Motion, and the Court has a "continuing obligation to assess its subject matter jurisdiction" and "can dismiss a suit *sua sponte* for lack of

5

To the extent Chief Judge Simandle erred during the First 2255 Proceedings, the way to challenge those errors was by appealing to the Third Circuit. Appointed counsel wrote petitioner a letter after Chief Judge Simandle denied the First Motion stating that he saw "no meritorious constitutional issue to seek a certificate of appealability." (ECF No. 19–1 p. 2.) The letter also informed petitioner that he could file an application for a certificate of appealability in the Third Circuit himself and provided instructions. (*Id.* p. 3.) Additionally, none of the alleged errors cited by petitioner changes the fact that the Second Motion was an unauthorized second or successive § 2255 motion.

Petitioner's second argument, alleging that the Court erred in refusing to consider his "newly discovered evidence," fares no better. Petitioner argues that the Second Motion should not be considered a second or successive motion because the amended judgment for his February 1979 conviction is a "new fact" pursuant to § 2255(f)(4). (ECF No. 19 p. 8.) I considered and rejected this argument when I dismissed the Second Motion. (ECF No. 17 p. 5.) "A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through—rightly or wrongly." *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 415 (D.N.J. 2005). Moreover, the cases cited by petitioner are distinguishable from his situation.

In *Johnson v. United States*, the Supreme Court held that when a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, the Act's statute of limitations for filing a § 2255 motion begins to run when the prisoner receives notice of the order vacating the prior conviction. 544 U.S. 295, 308 (2005). As I noted when dismissing the Second Motion, whether a motion is second or

---

subject matter jurisdiction at any stage in the proceeding." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

successive under the Act is a separate question from whether it was timely filed. (ECF No. 17 p. 5 (citing *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002)).) *Johnson* does not hold that a vacated state court judgment exempted a prisoner from the Act's second or successive determination.

Petitioner also cites to *United States v. Bass*, 864 F. Supp. 2d 353 (E.D. Pa. 2012) to support his claim that the Court has jurisdiction over the Second Motion because the motion was based on facts that were not discoverable in his prior proceedings.  (ECF No. 19 p. 8.)  Courts "should treat the term 'second and successive' as a term of art, which is not to be read literally."  *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005).  "[A] subsequent petition that challenges the administration of a sentence is clearly not a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition."  *Id.* (emphasis omitted). "The doctrine does, however, bar claims that could have been raised in an earlier habeas corpus petition."  *Id.*

Petitioner has challenged the use of the February 1979 conviction in determining his career offender status several times.  He challenged in it the First 2255 Proceedings, and Chief Judge Simandle rejected the challenge on the merits.  *See McAdams I*, 2015 WL 1914631, at *5.  He challenged it again pursuant to Rule 59(e), and Chief Judge Simandle denied it again.  *McAdams II*, 2016 WL 240877, at *3.  Years later, petitioner filed a motion pursuant to Rule 60, and Judge Hillman denied the motion as an unauthorized second or successive § 2255 motion.  *McAdams III*, 2022 WL 3754805, at *6.  Petitioner appealed, and the Third Circuit agreed the motion was an unauthorized second or successive habeas petition and denied a certificate of appealability. *McAdams IV*, 2023 WL 3116440, at *1.  "[A] subsequent habeas petition is second or successive if it is filed after the petitioner has expended the one full opportunity to seek collateral review that [the Act] ensures, … meaning after

7

the petitioner has exhausted all of [his] appellate remedies with respect to [his] initial habeas petition or after the time for appeal has expired." *United States v. Santarelli*, 929 F.3d 95, 104-05 (3d Cir. 2019) (internal quotation marks omitted). Petitioner had his one full collateral review, making the Second Motion subject to § 2255(h)'s restrictions.

Petitioner's final argument invoking the recent *Erlinger* decision also does not warrant reopening the proceedings. *Erlinger* held that a jury must decide whether a defendant's past offenses were committed on separate occasions for purposes of the Armed Career Criminal Act. *Erlinger v. United States*, 144 S. Ct. 1840, 1860 (2024). *Erlinger* did not address which convictions qualified as eligible convictions pursuant to U.S.S.G. § 4A1.2(e)(1), nor did it make its holding retroactively applicable to cases on collateral review. *See generally id.* Even if *Erlinger* were retroactively applicable, petitioner would still have to ask the Third Circuit for permission to file a § 2255 motion based on *Erlinger* before this Court would have jurisdiction to consider it. 28 U.S.C. § 2255(h)(2).

I find that petitioner has satisfied the Rule 59(e) standard for relief from judgment. Although I decline to transfer the Second Motion to the Third Circuit for consideration pursuant to 28 U.S.C. § 2244, nothing in this opinion prevents petitioner from seeking permission from the Third Circuit himself.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To the extent a certificate of appealability is required, I decline to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

8

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I decline to issue a certificate of appealability because jurists of reason would agree that the Court lacks jurisdiction over the unauthorized second or successive § 2255 motion. 28 U.S.C. § 2253(c)(2).

## V.  CONCLUSION

For the reasons stated above, I will deny the Rule 59(e) Motion. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

                                         */s/ Edward S. Kiel*
                                         **EDWARD S. KIEL**
                                         **UNITED STATES DISTRICT JUDGE**

Dated: September 6, 2024