**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**JOSEPH MCADAMS,**

      Petitioner,

v.

**UNITED STATES OF AMERICA,**

      Respondent.

Case No. 23–cv–04081–ESK

**OPINION**

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Joseph McAdams's motion for relief from judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(4) and (d)(1) (Rule 60 Motion). (ECF No. 28.) Respondent United States did not file any opposition to the Rule 60 Motion. For the following reasons, I will deny the Rule 60 Motion. I decline to issue a certificate of appealability.

    **I.   FACTS AND PROCEDURAL HISTORY**

    On September 25, 2009, petitioner pleaded guilty to a ten-count information charging him with bank robbery, 18 U.S.C. §§ 2113(a), 2113(d) & 2, (Counts One through Ten), and brandishing a loaded firearm in one of the bank robberies, 18 U.S.C. § 924(c)(1)(A)(ii) & 2 (Count Eleven). *United States v. McAdams*, No. 09–cr–00737 (D.N.J. Sept. 25, 2009) (Criminal Case) (ECF No. 12.)

    The Presentence Investigation Report (Report) concluded that petitioner qualified as a career offender based on three predicate offenses: an April 9, 1984 conviction for bank robbery; a December 13, 1985 conviction for armed robbery and unlawful possession of firearms; and an April 29, 1985 conviction for bank robbery. *McAdams v. United States*, No. 13–cv–01612, 2015 WL 1914631, at

\*1 (D.N.J. Apr. 27, 2015) (*McAdams I*) (citing U.S.S.G. § 4B1.1).  The Report also listed other prior convictions that were not marked as predicate offenses: a March 1977 conviction for breaking and entering; an August 1978 conviction for simple assault; a January 1979 conviction for robbery while armed and unlawful use of a dangerous weapon; and a February 2, 1979 conviction for armed robbery and committing a crime while armed (February 1979 conviction).  *Id.*  On April 15, 2010, Chief District Judge Jerome B. Simandle sentenced petitioner as a career offender to a term of imprisonment of 235 months on each of Counts One through Ten to be served concurrently with each other, followed by a mandatory consecutive term of 84 months on Count Eleven, for a total term of 319 months.  *Id.*; (Criminal Case ECF No. 19.)  Petitioner did not file a direct appeal.

Petitioner filed his first § 2255 motion (First Motion) on March 19, 2013, and an amended motion on July 19, 2013.  *McAdams v. United States*, No. 13–cv–01612 (D.N.J.) (First 2255 Proceedings) (ECF No. 5.)  As is relevant here, petitioner asserted that his trial "counsel was ineffective for failing to object to his erroneous classification as a career offender."  *McAdams I*, 2015 WL 1914631, at \*2.  Specifically, petitioner asserted that his April 9, 1984 and April 29, 1985 federal convictions were incorrectly recorded in the Report and could not be counted towards his career offender status.  *Id.* at \*4.  The United States conceded that further inquiry was necessary.  (First 2255 Proceedings ECF No. 13.)  Chief Judge Simandle appointed counsel for Petitioner and conducted an evidentiary hearing on September 25, 2014. (First 2255 Proceedings ECF No. 31.)

At the hearing, the United States agreed that petitioner's April 9, 1984, and April 29, 1985 convictions could not be counted as eligible convictions for career offender status.  *McAdams I*, 2015 WL 1914631, at \*5.  However, it argued that petitioner was correctly classified as a career offender due to the

February 1979 conviction.  *Id.*  Petitioner disputed that the February 1979 conviction could count as a predicate offense for career offender purposes because he "did not serve any part of that sentence within the 15-year time period for counting a prior offense."[1]  *Id.*  Chief Judge Simandle ultimately concluded that the February 1979 conviction counted towards petitioner's career offender status and denied the First Motion on April 27, 2015.  *Id.* at *9.

Petitioner did not seek a certificate of appealability from the Third Circuit; instead, he filed a motion for relief under Rule 59(e) "claiming that 'new' evidence, namely, a printout of his parole records, undisputably shows that he had completed his sentence on the [February 1979 conviction] by August 1989 at the latest."  *McAdams v. United States*, No. 13–cv–01612, 2016 WL 240877, at *2 (D.N.J. Jan. 20, 2016) (*McAdams II*); (First 2255 Proceedings ECF No. 35.)  Chief Judge Simandle denied the motion on January 20, 2016.  *McAdams II*, 2016 WL 240877, at *7.

On July 23, 2018, petitioner filed a motion to appoint *pro bono* counsel and reopen the First 2255 Proceedings under Federal Rule of Civil Procedure 60.  (First 2255 Proceedings ECF No. 39.)  Petitioner had obtained an amended judgment of conviction for the February 1979 conviction from the state court stating: "Defendant is sentenced to an indeterminate term at Yardville with a maximum of 5 years."  (First 2255 Proceedings ECF No. 39 p. 24.)  District Judge Noel L. Hillman dismissed the motion for lack of jurisdiction because "[m]otions presenting new evidence in support of an already-litigated claim are considered second or successive § 2255 motions and are not properly brought

---

[1] "[A] prior sentence is counted for computing criminal history when it is a sentence of imprisonment 'exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [a] fifteen-year period' within the defendant's commencement of the instant offense."  *McAdams I*, 2015 WL 1914631 at *6 (quoting U.S.S.G. § 4A1.2(e)(1)) (second alteration in original).

under Rule 60(b)." *McAdams v. United States*, No. 13–cv–01612, 2022 WL 3754805, at *6 (D.N.J. Aug. 29, 2022) (*McAdams III*). The Third Circuit denied a certificate of appealability. *McAdams v. United States*, No. 22–cv–02988, 2023 WL 3116440, at *1 (3d Cir. Apr. 19, 2023) (*McAdams IV*).

Petitioner filed his second § 2255 motion on July 31, 2023 (Second Motion). (ECF No. 1.) The Second Motion relied on "newly discovered evidence," specifically the amended judgment for his February 1979 conviction. (*Id.* p. 4.) On June 20, 2024, I concluded the Second Motion was barred by the restrictions on second or successive § 2255 motions in the Antiterrorism and Effective Death Penalty Act of 1996 (Act). (ECF No. 18; *see also* 28 U.S.C. § 2255(h).) I therefore dismissed the Second Motion for lack of jurisdiction. (ECF No. 18.)

On July 19, 2024, petitioner filed a motion pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e) Motion). (ECF No. 19.) I denied the Rule 59(e) Motion on September 21, 2024. (ECF No. 21.) Petitioner appealed to the Third Circuit, (ECF No. 22), which denied the appeal on February 10, 2025, (ECF No. 27.) The Third Circuit denied petitioner's application for leave to file a second or successive § 2255 motion on April 21, 2025. *In re: Joseph McAdams*, No. 25–01494 (3d Cir. Apr. 21, 2025).

Petitioner filed this Rule 60 Motion on June 17, 2025. (ECF No. 28.) He seeks relief pursuant to Rule 60(b)(4), arguing that his conviction is void because the judgment that Chief Judge Simandle relied on to label petitioner a career offender was voided the by amended judgment for the February 1979 conviction. (*Id.* p. 3.) Alternatively, he seeks to file an independent action to void the judgment pursuant to Rule 60(d)(1). (*Id.*) The United States did not file a response to the Rule 60 Motion.

4

## II.   LEGAL STANDARD

### A.   Rule 60(b)

"The standards for evaluating a 60(b) motion are well established." *Bracey v. Superintendent Rockview SCI*, 986 F.3d 274, 284 (3d Cir. 2021). That Rule "enumerates specific circumstances in which a party may be relieved of the effect of a judgment, such as mistake, newly discovered evidence, fraud, and the like." *Buck v. Davis*, 580 U.S. 100, 112 (2017).

Petitioner specifically invokes Rule 60(b)(4), which allows a matter to be reopened when "the judgment is void." "The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). "[] Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*

### B.   Rule 60(d)(1)

Rule 60(d)(1) provides that a court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). "[A]n independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). "[T]he bar to obtain such relief is high … ." *Russomanno v. Sumitomo Pharma Am., Inc.*, No. 24–01080, 2024 WL 1632946, at *1 (3d Cir. Apr. 16, 2024), *cert. dismissed*, 145 S. Ct. 357, *reconsideration denied*, 145 S. Ct. 543 (2024).

## III.   DISCUSSION

Petitioner argues that his conviction is void because the "original predicate that careered [petitioner] and was upheld in prior proceedings has been voided, and a new judgment has been granted that does not qualify for career offender

5

status." (ECF No. 1 p. 3.) Rule 60(b)(4) permits relief from void judgments "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds*, 559 U.S. at 271. Chief Judge Simandle had jurisdiction to enter petitioner's judgment of conviction pursuant to 18 U.S.C. § 3231, and petitioner has exercised his right to challenge the conviction in this District and the Third Circuit. Therefore, Rule 60(b)(4) is inapplicable.

Petitioner also does not satisfy the requirements for me to consider the Rule 60 Motion as an independent action pursuant to Rule 60(d)(1). "[A] Rule 60(d) motion cannot be used as a substitute for appeal, or as a vehicle for relitigation of the issues, particularly not after the disposition of an appeal of the challenged judgment." *Russomanno v. Sumitomo Pharma Am., Inc.*, No. 24–1080, 2024 WL 1632946, at *1 (3d Cir. Apr. 16, 2024) (cleaned up), *cert. dismissed*, 145 S. Ct. 357, *reconsideration denied*, 145 S. Ct. 543 (2024).

Petitioner has challenged the use of the February 1979 conviction in determining his career offender status several times. He challenged in it the First 2255 Proceedings, and Chief Judge Simandle rejected the challenge on the merits. *See McAdams I*, 2015 WL 1914631, at *5. He challenged it again pursuant to Rule 59(e), and Chief Judge Simandle denied it again. *McAdams II*, 2016 WL 240877, at *3. Years later, petitioner filed a motion pursuant to Rule 60, and Judge Hillman denied the motion as an unauthorized second or successive § 2255 motion. *McAdams III*, 2022 WL 3754805, at *6. Petitioner appealed, and the Third Circuit agreed the motion was an unauthorized second or successive habeas petition and denied a certificate of appealability. *McAdams IV*, 2023 WL 3116440, at *1. Petitioner requested permission to file a second or successive § 2255 earlier this year, but the Third Circuit denied that

request. *In re: Joseph McAdams*, No. 25–01494 (3d Cir. Apr. 21, 2025). The issue has been thoroughly litigated.

Moreover, the Third Circuit has held that "an incorrect career-offender enhancement under the advisory guidelines … is not a fundamental defect that inherently results in a complete miscarriage of justice." *United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020). Accordingly, I conclude that petitioner has not satisfied the high standard necessary to bring an independent action pursuant to Rule 60(d)(1).[2]

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To the extent a certificate of appealability is required, I decline to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court

---

[2] Petitioner invokes the coram nobis doctrine at the end of the Rule 60 Motion. (ECF No 28 p. 3.) A writ of coram nobis "provides a means to challenge a federal conviction where a party who is no longer in custody for purposes of § 2255 faces continuing consequences as a result of being convicted." *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020). Petitioner remains in federal custody at this time, so he is not eligible for coram nobis relief.

was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I decline to issue a certificate of appealability because jurists of reason would agree that relief is not warranted under Rule 60(b)(4) or Rule 60(d)(1). 28 U.S.C. § 2253(c)(2).

## V. CONCLUSION

For the reasons stated above, I will deny the Rule 60 Motion. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

                                                 */s/ Edward S. Kiel*
                                               **EDWARD S. KIEL**
                                               **UNITED STATES DISTRICT JUDGE**

Dated: August 15, 2025