UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSEPH MCADAMS,** <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Respondent. | Case No. 23–cv–04081–ESK <br><br><br> OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** comes before the Court on petitioner Joseph McAdams's motion for reconsideration (Reconsideration Motion) (ECF No. 31) and motion to supplement the Reconsideration Motion (Supplement Motion) (ECF No. 32.) Respondent United States did not file any opposition to the motions. For the following reasons, I will deny the motions. I decline to issue a certificate of appealability.

    **I.   FACTS AND PROCEDURAL HISTORY**

    On September 25, 2009, petitioner pleaded guilty to a ten-count information charging him with bank robbery, 18 U.S.C. §§ 2113(a), 2113(d) & 2, (Counts One through Ten), and brandishing a loaded firearm in one of the bank robberies, 18 U.S.C. § 924(c)(1)(A)(ii) & 2 (Count Eleven). *United States v. McAdams*, No. 09–cr–00737 (D.N.J. Sept. 25, 2009) (Criminal Case) (ECF No. 12.)

    The Presentence Investigation Report (Report) concluded that petitioner qualified as a career offender based on three predicate offenses: an April 9, 1984 conviction for bank robbery; a December 13, 1985 conviction for armed robbery and unlawful possession of firearms; and an April 29, 1985 conviction for bank robbery. *McAdams v. United States*, No. 13–cv–01612, 2015 WL 1914631, at

\*1 (D.N.J. Apr. 27, 2015) (*McAdams I*) (citing U.S.S.G. § 4B1.1).  The Report also listed other prior convictions that were not marked as predicate offenses: a March 1977 conviction for breaking and entering; an August 1978 conviction for simple assault; a January 1979 conviction for robbery while armed and unlawful use of a dangerous weapon; and a February 2, 1979 conviction for armed robbery and committing a crime while armed (February 1979 conviction).  *Id.*  On April 15, 2010, Chief District Judge Jerome B. Simandle sentenced petitioner as a career offender to a term of imprisonment of 235 months on each of Counts One through Ten to be served concurrently with each other, followed by a mandatory consecutive term of 84 months on Count Eleven, for a total term of 319 months.  *Id.*; (Criminal Case ECF No. 19.)  Petitioner did not file a direct appeal.

Petitioner filed his first § 2255 motion (First Motion) on March 19, 2013, and an amended motion on July 19, 2013.  *McAdams v. United States*, No. 13–cv–01612 (D.N.J.) (First 2255 Proceedings) (ECF No. 5.)  As is relevant here, petitioner asserted that his trial "counsel was ineffective for failing to object to his erroneous classification as a career offender."  *McAdams I*, 2015 WL 1914631, at \*2.  Specifically, petitioner asserted that his April 9, 1984 and April 29, 1985 federal convictions were incorrectly recorded in the Report and could not be counted towards his career offender status.  *Id.* at \*4.  The United States conceded that further inquiry was necessary. (First 2255 Proceedings ECF No. 13.)  Chief Judge Simandle appointed counsel for Petitioner and conducted an evidentiary hearing on September 25, 2014. (First 2255 Proceedings ECF No. 31.)

At the hearing, the United States agreed that petitioner's April 9, 1984, and April 29, 1985 convictions could not be counted as eligible convictions for career offender status.  *McAdams I*, 2015 WL 1914631, at \*5.  However, it argued that petitioner was correctly classified as a career offender due to the

February 1979 conviction. *Id.* Petitioner disputed that the February 1979 conviction could count as a predicate offense for career offender purposes because he "did not serve any part of that sentence within the 15-year time period for counting a prior offense."[1] *Id.* Chief Judge Simandle ultimately concluded that the February 1979 conviction counted towards petitioner's career offender status and denied the First Motion on April 27, 2015. *Id.* at *9.

Petitioner did not seek a certificate of appealability from the Third Circuit; instead, he filed a motion for relief under Rule 59(e) "claiming that 'new' evidence, namely, a printout of his parole records, undisputably shows that he had completed his sentence on the [February 1979 conviction] by August 1989 at the latest." *McAdams v. United States*, No. 13–cv–01612, 2016 WL 240877, at *2 (D.N.J. Jan. 20, 2016) (*McAdams II*); (First 2255 Proceedings ECF No. 35.) Chief Judge Simandle denied the motion on January 20, 2016. *McAdams II*, 2016 WL 240877, at *7.

On July 23, 2018, petitioner filed a motion to appoint *pro bono* counsel and reopen the First 2255 Proceedings under Federal Rule of Civil Procedure 60. (First 2255 Proceedings ECF No. 39.) Petitioner had obtained an amended judgment of conviction for the February 1979 conviction from the state court stating: "Defendant is sentenced to an indeterminate term at Yardville with a maximum of 5 years." (First 2255 Proceedings ECF No. 39 p. 24.) District Judge Noel L. Hillman dismissed the motion for lack of jurisdiction because "[m]otions presenting new evidence in support of an already-litigated claim are considered second or successive § 2255 motions and are not properly brought

---

[1] "[A] prior sentence is counted for computing criminal history when it is a sentence of imprisonment 'exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of [a] fifteen-year period' within the defendant's commencement of the instant offense." *McAdams I*, 2015 WL 1914631 at *6 (quoting U.S.S.G. § 4A1.2(e)(1)) (second alteration in original).

under Rule 60(b)." *McAdams v. United States*, No. 13–cv–01612, 2022 WL 3754805, at *6 (D.N.J. Aug. 29, 2022) (*McAdams III*).   The Third Circuit denied a certificate of appealability.   *McAdams v. United States*, No. 22–cv–02988, 2023 WL 3116440, at *1 (3d Cir. Apr. 19, 2023) (*McAdams IV*).

Petitioner filed his second § 2255 motion on July 31, 2023 (Second Motion). (ECF No. 1.)  The Second Motion relied on "newly discovered evidence," specifically the amended judgment for his February 1979 conviction.   (*Id.* p. 4.) On June 20, 2024, I concluded the Second Motion was barred by the restrictions on second or successive § 2255 motions in the Antiterrorism and Effective Death Penalty Act of 1996 (Act).   (ECF No. 18; *see also* 28 U.S.C. § 2255(h).)   I therefore dismissed the Second Motion for lack of jurisdiction.   (ECF No. 18.)

On July 19, 2024, petitioner filed a motion pursuant to Federal Rule of Civil Procedure 59(e) (Rule 59(e) Motion).  (ECF No. 19.)   I denied the Rule 59(e) Motion on September 21, 2024.  (ECF No. 21.)   Petitioner sought a certificate of appealability from the Third Circuit, (ECF No. 22), which denied the request on February 10, 2025, (ECF No. 27.)   The Third Circuit denied petitioner's application for leave to file a second or successive § 2255 motion on April 21, 2025.   *In re: Joseph McAdams*, No. 25–01494 (3d Cir. Apr. 21, 2025).

On June 17, 2025, petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Rule 60 Motion).   (ECF No. 28.)   He argued that his conviction was void because the judgment that Chief Judge Simandle relied on to label petitioner a career offender was vacated by the amended judgment for the February 1979 conviction.   (*Id.* p. 3.)   He alternatively sought to file an independent action to void the judgment pursuant to Rule 60(d)(1).   (*Id.*)

I denied the Rule 60 Motion on August 15, 2025 (August 2025 Order). (ECF No. 30.)   The Reconsideration Motion and Supplement Motion followed. (ECF Nos. 31, 32.)

## II. LEGAL STANDARD

Motions for reconsideration are governed within this District by Local Civil Rule 7.1(i). *Rich v. State*, 294 F. Supp. 3d 266, 272 (D.N.J. 2018). "A brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked shall be filed with" the notice of motion for reconsideration. L. Civ. R. 7.1(i). Relief under Local Civil Rule 7.1(i) "is an extraordinary remedy that is granted 'very sparingly.'" *Rich*, 294 F. Supp. 3d at 272 (quoting L. Civ. R. 7.1(i) cmt. 6(d)). To prevail, the movant must present "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (alteration in original) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A court "will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

## III. DISCUSSION

Petitioner seeks reconsideration of the August 2025 Order in which I concluded that he could not use Rule 60(b)(4) to void his conviction. (ECF No. 31.) Rule 60(b)(4) permits relief from void judgments "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds*, 559 U.S. at 271. Chief Judge Simandle had jurisdiction to enter petitioner's judgment of conviction pursuant to 18 U.S.C. § 3231, and petitioner has unsuccessfully sought review of that decision in both this District and the Third Circuit on multiple occasions.[2]

---

[2] Petitioner argues that my use of the shorthand "appealed" instead of "filed a request for a certificate of appealability" is an error warranting reconsideration.

5

Therefore, Rule 60(b)(4) is inapplicable, and there are no grounds for reconsideration of the August 2025 Order.

Petitioner also has not presented arguments that warrant reconsideration of my determination that he could not file an independent action pursuant to Rule 60(d)(1). "[A]n independent action should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). The Third Circuit has held that "an incorrect career-offender enhancement under the advisory guidelines … is not a fundamental defect that inherently results in a complete miscarriage of justice." *United States v. Folk*, 954 F.3d 597, 604 (3d Cir. 2020). Therefore, I will deny the Reconsideration Motion.

The Supplement Motion seeks "to supplement his [Reconsideration Motion] to include additional arguments for relief" pursuant to Rule 60(b)(5). (ECF No. 31.) The Reconsideration Motion challenges the August 2025 Order, which addressed petitioner's arguments under Rules 60(b)(4) and 60(d)(1). The Supplement Motion, however, does not challenge that Order; instead, it yet again advances arguments contending that petitioner's underlying conviction should be overturned. (ECF No. 31 p. 2) In other words, the Supplement Motion is actually seeking to amend the *Rule 60 Motion*. "Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Petitioner may not add new arguments in the guise of a reconsideration motion. Therefore, I will deny the Supplement Motion.

---

(ECF No. 31 p.6.) It is not. (*See* ECF No. 22 (stating that petitioner "appeals the Judgment order rendered September 6, 2024 denying his § 2255(f)(4) Habeas Corpus petition for lack of subject-matter jurisdiction … ."))

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2255 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(B). To the extent a certificate of appealability is required, I decline to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, I decline to issue a certificate of appealability because jurists of reason would agree that relief is not warranted. 28 U.S.C. § 2253(c)(2).

## V. CONCLUSION

For the reasons stated above, I will deny the Reconsideration Motion and Supplement Motion. No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: October 7, 2025